## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SERGE KANNON, | Case No.: 1:23-cv-06556 |
| Plaintiff, | CLASS ACTION COMPLAINT |
| v. | Jury Trial Demanded |
| LIMITLESSX Inc., EMBLAZE ONE INC., and SMILZ CAPITAL INC., | |
| Defendants. | |

### INTRODUCTION

1. Americans receive billions of spam text messages every year.

2. Defendants LimitlessX Inc., Emblaze One Inc., and Smilz Capital Inc ("Defendants"") are responsible for a significant portion of this spam.

3. Like most Americans, Plaintiff Serge Kannon ("Kannon") and class members have a mobile residential telephone.

4. Being mobile, Kannon and class members take their phones everywhere. They use their phones to receive and make important calls, to get emergency information, and to send text messages to family members and friends. They use their phones in their homes and for their personal enjoyment.

5. But their homes, phones, and privacy have been invaded by Defendants' spam text messages.

6. Kannon and class members have no relationship with Defendants, have no account with Defendants, have never provided any phone number to Defendants, and have never agreed for Defendants to send any type of communication.

7.     Kannon, and some class members, have tried to eliminate the harassment and invasion of privacy from unauthorized text messages by registering their phone numbers on the National Do Not Call Registry ("DNCR"), but even that did not work.

8.     Defendants simply blasts text messages without caring whether they had consent, or whether the recipient was on the DNCR.

9.     "Robocalls and robotexts are nuisances. Congress banned them in the Telephone Consumer Protection Act of 1991 ('TCPA'). But as every American knows, there are companies—like the defendant in this case—who refuse to get that message while collectively sending millions of others." *Cranor v. 5 Star Nutrition, L.L.C.*, 998 F.3d 686, 688 (5th Cir. 2021).

10.     Kannon brings this action for himself and for other similarly situated people to enjoin these abusive practices and for damages.

## JURISDICTION AND VENUE

11.     This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the TCPA. 47 U.S.C § 227.

12.     Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a significant portion of the events giving rise to this lawsuit occurred in this district.

## PARTIES

13.     Plaintiff Serge Kannon is a resident of Brooklyn, New York.

14.     Defendants LimitedX Inc., Emblaze One Inc., and Smilz Inc. are related corporations with their shared principal place of business located in Pomona, California.

## FACTUAL ALLEGATIONS

15.     Kannon's home, phone, and privacy been invaded by Defendants' non-emergency text messages.

16.     Kannon is the residential subscriber of the cell phone number 718-510-3692. Kannon uses this number for personal use. Kannon uses this phone number at home. Kannon makes and takes his personal calls on this phone number.

17.     Kannon registered 718-510-3692 on the DNCR to stop telephone solicitations on November 6, 2007.

18.     Defendants have knowingly and willfully sent unsolicited text messages to Kannon at least thirty-one (31) times.

19.     Among these texts include some of the following:

    i.      On **January 29, 2022**, Defendants sent the following text from **#8125411206** to Kannon at his number # **7185103692:** *Pulverize ED!Acquire Expanded Overall Size and Overall Length for Not a Single Thing!l.healba.com/index.php?key= tck14rae87p3i5d4izo6&h=mYQMNR;*

    ii.     On **March 29, 2022**, Defendants sent the following text from #**3463661523** to Kannon at his number # **7185103692:** *Hey! This Doctor Oz article is going to change your life potentpainrelief.com/7mrfu4n; and*

    iii.    On **April 20, 2021**, Defendants sent the following text from **#7866964932** to Kannon at his number # **7185103692:** *It's surprising that so few people know about these products. One thing to help with sleep, pain and much more. Look at what other people are experiencing and saying here availablefordelivery.com/5eiab.*

20.     The texter did not disclose their individual name, nor the name of the entity whose goods and services were being promoted.

21.     Kannon never provided his number, 718-510-3692, to Defendants, never had a relationship with Defendants, and never gave permission for Defendants to send any type of communication.

22.     Defendants used a different phone number for many of the text messages sent to Kannon. Defendants did this to avoid getting blocked. This is not something a caller does if they have consent.

23.     Defendants initiated the text messages for the purpose of directing Kannon to various websites that promoted the sales of various CBD pain relief and other products owned and sold by Defendants.

24.     The messages contained links to domains owned and/or controlled by Defendants.

25.     Defendants initiated the text messages using an automated system. This is based on the following facts:

     i.    the text messages were generic and impersonal, suggesting they were sent to many people;

     ii.    Defendants withheld its identity in the text messages;

     iii.    when Kannon responded to the text messages, nobody replied;

     iv.    Defendants initiated the text messages using many different phone numbers to avoid getting blocked;

     v.    many people have reported getting unsolicited text messages from Defendants; and

     vi.    Defendants has initiated a high volume of text messages to Kannon;

26.     Defendants stored or produced Kannon's telephone number using a random or sequential generator. This is based on the following facts:

     i.    Kannon never provided his phone number to Defendants, indicating that the number was randomly generated;

    ii.    Kannon has no relationship with Defendants, has no account with Defendants, has never provided any phone number to Defendants, and has never agreed for Defendants to send any type of communication;

    iii.    almost all of the text messages were not personalized;

    iv.    if Defendants had acquired Kannon's phone number in a proper way, Defendants would have disclosed their name in the text messages; and

    v.    if Defendants had acquired Kannon's phone number in a proper way, Defendants would not have used different from phone numbers to initiate the text messages;

27.    On information and belief, Defendants initiate and makes tens of thousands of similar text messages to thousands of people.

28.    The unwanted spam is incredibly annoying, distracting, and frustrating to Kannon and the class members. The spam invades their substantive right to privacy, namely the right to be free from unsolicited text messages. The spam causes Kannon and class members to avoid looking at their phones when it may be important or interrupting other activities to respond to unwanted text messages. The spam reduces their phones' storage and battery life. In short, the spam invades their privacy, diminishes the value of their phones and their enjoyment of life, and causes a nuisance, an annoyance, and an intrusion into their seclusion.

29.    Defendants have been sued for violations of the TCPA before and are therefore aware of the regulations necessary to maintain compliance with the TCPA.

30.    By initiating text messages to Kannon, Defendants have harmed Kannon and the class members in the exact way Congress sought to protect in enacting the TCPA.

## LEGAL STANDARD

31.     **Autodialed Text messages**. The TCPA prohibits text messages to cell phones using an automatic telephone dialing system ("ATDS") except for "emergency purposes" or with the "prior express consent" of the called party. 47 C.F.R.  §64.1200(a)(1). Text messages that introduce an advertisement or constitute telemarketing require "prior express written consent." 47 C.F.R. § 64.1200(a)(2).

32.     **National Do Not Call Registry**. Residential telephone subscribers who do not want to receive telephone solicitations may place their phone number on the national DNCR. 47 C.F.R. § 64.1200(c)(2). The TCPA proscribes callers from making "any telephone solicitation to… [a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry." 47 C.F.R. § 64.1200(c)(2). Wireless telephone subscribers are allowed to place their number on the DNCR. 47 C.F.R. § 64.1200(e).

33.     **Failure to Identify Caller**. The TCPA prohibits callers from telemarketing to a residential telephone subscriber without disclosing the name of the individual caller and the name of the person or entity on whose behalf the call is being made. 47 C.F.R. § 64.1200(d)(4).

## CLASS ACTION ALLEGATIONS

34.     Pursuant to Civ. R. 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure, Kannon brings this action on behalf of himself, and the following Classes of persons similarly situated in order to remedy the ongoing unlawful practices alleged herein and to seek redress on behalf of all those persons who have been harmed thereby, including injunctive relief.

35.     **Class Definitions**. Kannon proposes the following Classes:

**The National DNCR Class**
All people in the United States (1) to whom Defendants initiated more than one telephone solicitation within any 12-month period, (2) to their residential cellular telephone number, (3) while their phone number was listed on the National Do

6

Not Call Registry, (4) in the four years from the filing of this action through the date of class certification.

**The ATDS Class**
All people in the United States (1) to whom Defendants initiated one or more calls or text messages to their cellular telephone, (2) using the same equipment or type of equipment utilized to initiate text messages to Kannon, (3) in the four years from the filing of this action through the date of class certification.

**The TCPA Failure To Identify Class**
All people in the United States (1) who within four years prior to the filing of this action through the date of certification, (2) Defendant sent more than one telemarketing text message within any 12-month period, (3) to their residential cellular telephone number, (4) where the text message did not disclose the identity of the individual caller and the identity of the entity on whose behalf the call was made.

36.     A member of a class may sue as a representative party if the member satisfies Federal Rule of Civil Procedure 23(a)'s four prerequisites: numerosity, commonality, typicality, and adequacy of representation. Fed. R. Civ. P. 23(a).

37.     If Rule 23(a) is satisfied, a putative class representative must also show that the class falls into one of three categories under Rule 23(b). Fed. R. Civ. P. 23(b). For a Rule 23(b)(3) class, a plaintiff must make two further showings. First, a plaintiff must show that questions of law or fact common to class members predominate over any questions affecting only individual class members. *Id*. Second, a plaintiff must demonstrate class action is superior to other available methods for adjudicating the controversy.

38.     **Numerosity**. A proposed class satisfies the numerosity requirement if class members are so numerous that joinder of all members would be impracticable. Fed. R. Civ. P. 23(a)(1). The numerosity requirement is not tied to any fixed numerical threshold. In general, courts find the numerosity requirement satisfied when a class includes at least forty members. Here, the Classes are so numerous that joinder of all members would be impracticable. The exact

size of the Classes and the identity of the members are readily ascertainable from business records and likely number in at least the thousands.

39.     **Commonality**. A proposed class satisfies Rule 23's commonality requirement if there is at least one question of fact or law common to the class. Fed. R. Civ. P. 23(a)(2). It is not a high standard. The claims must depend upon a common contention such that the determination of its truth or falsity will resolve an issue that is central to the validity of each claim in one stroke. The word 'question' in Rule 23(a)(2) is a misnomer: What matters to class certification is not the raising of common questions but rather, the capacity of a class-wide proceeding to generate common answers apt to drive the resolution of the litigation.

40.     There are questions of law and fact common to the proposed Classes, including:

    i.     Did they receive text messages from Defendants?

    ii.     Were their numbers registered on the DNCR?

    iii.     Did Defendants use an ATDS?

    iv.     Did Defendants properly identify itself as the sender of the text?

    v.     Were the text messages for an emergency purpose?

41.     **Typicality**. A proposed class representative's claims and defenses must also be typical of the class. Fed. R. Civ. P. 23(a)(3). The Supreme Court has recognized that the commonality and typicality requirements of Rule 23(a) tend to merge. Typicality refers to the nature of the claim or defense of the class representative, and not to the specific facts from which it arose or the relief sought. Representative claims are typical if they are reasonably coextensive with those of absent class members; they need not be substantially identical.

42.     Kannon's claims herein are typical of those of the Classes that he seeks to represent. Kannon's and the Class members' claims arise from the same conduct of Defendants.

43.    **Adequacy of Representation**. The final prerequisite under Rule 23(a) requires that the Court must be satisfied that the representative party will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a)(4). This overlaps in practice with the requirement under Rule 23(g) that class counsel must adequately represent the interests of the class. Fed. R. Civ. P. 23(g). The inquiry under Rule 23(a)(4) asks two questions: (1) Does the representative plaintiff and their counsel have any conflicts of interest with other class members, and (2) will the representative plaintiff and their counsel prosecute the action vigorously on behalf of the class? Kannon is an adequate representative of the Classes because his interests are common with the interests of the Classes, and Kannon will fairly and adequately protect the interests of the Classes by pursuing this matter. Kannon is represented by counsel competent and experienced in TCPA and class action litigation.

44.    **Predominance of Common Questions**. A plaintiff may bring a class action under Rule 23(b)(3) only where questions of law or fact common to the class predominate over questions affecting only individual members. Fed. R. Civ. P. 23(b)(3). If liability can be determined on a class-wide basis, common issues predominate. This is true even if, at the damages stage, there remain non-injured class members and individualized damages calculations are required.

45.    **Superiority**. The final determination a court must make to certify a Rule 23(b)(3) class is that class action would be superior to individual actions in fairly and efficiently resolving the claims presented in this matter. Rule 23 enumerates four factors pertinent to determining whether class action is the superior method of litigation. First, the class members' interests in individually controlling the prosecution or defense of separate actions. Fed. R. Civ. P. 23(b)(3)(A). Second, the extent and nature of any litigation concerning the controversy

already begun by or against class members. Fed. R. Civ. P. 23(b)(3)(B). Third, the desirability or

undesirability of concentrating the litigation of the claims in the particular forum. Fed. R. Civ.

P. 23(b)(3)(C). Finally, the likely difficulties in managing a class action. Fed. R. Civ.

P. 23(b)(3)(D). Where class-wide litigation will reduce litigation costs and promote greater

efficiency, a class action may be the superior method of litigation.

46.    In the present suit, the questions of law and fact common to the class members

predominate over questions affecting only individual members. A class action is superior to

multiple individual suits because it conserves judicial resources, promotes consistency and

efficiency of adjudication, and deters illegal activities. The interest of individual members of the

Classes in individually controlling the prosecution of separate claims against Defendants are

small because the damages in an individual action for violations of the TCPA are small. Kannon

is not aware of any litigation concerning this controversy already commenced by others who

meet the criteria for class membership described above.

47.    Managing this case as a class action should have no significant difficulties. Notice

to class members can be provided by mail. The law applicable to each putative class member is

identical. The facts are too. Ultimately, the basic questions in this case are the same for all class

members. The common answer to these questions will determine Defendants' liability. Precedent

demonstrates these questions can be litigated on a class wide basis.

**FIRST CAUSE OF ACTION**
**Illegal Solicitation of Persons on the DNCR**
**(On Behalf of Kannon and the DNCR Class)**

48.    Defendants violated 47 C.F.R. § 64.1200(c)(2) by initiating telephone solicitations

to the residential cellular telephones of Kannon and members of the National DNCR Class while

their phone numbers were on the National DNCR.

49.     Kannon and members of the National DNCR Class have been damaged and are entitled to an award of $500 in statutory damages for each violation. 47 U.S.C. § 227(c)(5).

50.     The Court should award $1,500 in statutory damages for each violation because the violations were knowing and willful. *Id.*

51.     The Court should enjoin Defendants from initiating telephone solicitations to phone numbers on the DNCR. *Id.*

**SECOND CAUSE OF ACTION**
**Illegal Use of an ATDS**
**(On Behalf of Kannon and the ATDS Class)**

52.     Defendants violated 47 C.F.R. § 64.1200(a)(1)-(2) by using an ATDS to contact Kannon and members of the ATDS Class.

53.     Kannon and members of the ATDS Class have been damaged and are entitled to an award of $500 in statutory damages for each violation. 47 U.S.C. § 227(b)(3).

54.     The Court should award $1,500 in statutory damages for each violation because the violations were knowing and willful. *Id.*

55.     The Court should enjoin Defendants from using an ATDS to initiate text messages absent proper consent or an emergency. *Id.*

**THIRD CAUSE OF ACTION**
**Failure To Identify**
**(On Behalf of Kannon and the TCPA Failure to Identify Class)**

56.     Defendants' sending of unsolicited text messages to the residential cellular telephones of Kannon and members of the TCPA Failure to Identify Class, without disclosing the identity of the individual and identity of the entity on whose behalf the messages were sent, constitutes a violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d)(4).

57.     As a result of the violations of 47 C.F.R. § 64.1200(d)(4), Kannon and members of the TCPA Failure to Identify Class have been damaged and are entitled to an award of $500 in statutory damages for each violation, pursuant to 47 U.S.C. § 227(c)(5)(B).

58.     Because the violations were knowing and willful, the Court should award $1,500 in statutory damages for each violation, pursuant to 47 U.S.C. § 227(c)(5)(B)-(C).

59.     Kannon and members of the TCPA Failure to Identify Class are also entitled to and seek injunctive relief requiring Defendants to disclose the name of the actual individual and the actual name of the incorporated entity on whose behalf any text messages were sent when telemarketing.

## RELIEF REQUESTED

Kannon respectfully requests the Court grant the following relief against Defendants:

A.     Certification of the proposed Classes;

B.     Appointment of Kannon as class representative;

C.     Appointment of the undersigned as counsel for the Classes;

D.     An order enjoining Defendants as set forth above;

E.     An award of damages to Kannon and the Classes, as allowed by law; and

F.     Orders granting such other relief as the Court deems necessary, just, and proper.

**JURY DEMANDED**

    Kannon requests a jury trial as to all claims of the Complaint so triable.

Dated: August 29, 2023

                                           Respectfully Submitted,

                                         */s/Michael Hartmere*
                                         Michael Hartmere (NYSB #4018610)
                                         LawHQ, P.C.
                                         299 S. Main St. #1300
                                         Salt Lake City, UT 84111
                                         385-285-1090
                                         michael.hartmere@lawhq.com

                                         *Attorney for Plaintiff*