# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SERGE KANNON,<br><br>    Plaintiff,<br><br>v.<br><br>LIMITLESS X INC., LIMITLESS PERFORMANCE INC., EMBLAZE ONE INC., SMILZ INC, SMILZ CAPITAL INC., and JASPREET MATHUR,<br><br>    Defendants. | Case No.: 1:23-cv-06556 (DG) (VMS)<br><br>FIRST AMENDED CLASS ACTION COMPLAINT<br><br>Jury Trial Demanded |

  Plaintiff Serge Kannon ("Kannon") files this First Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2), as allowed by the Court.

  1. Americans receive billions of spam text messages every year.

  2. Limitless X Inc., Emblaze One Inc., Smilz Inc, Smilz Capital Inc, and Jaspreet Mathur, collectively ("Defendants"), are responsible for a significant portion of this spam.

  3. Like most Americans, Kannon and class members have a mobile residential telephone.

  4. Being mobile, Kannon and class members take their phones everywhere. They use their phones to receive and make important calls, to get emergency information, and to send text messages to family members and friends. They use their phones in their homes and for their personal enjoyment.

  5. But their homes, phones, and privacy have been invaded by Defendants' spam text messages.

6. Kannon and class members have no relationship with Defendants, have no account with Defendants, have never provided any phone number to Defendants, and have never agreed for Defendants to send any type of communication.

7. Kannon, and some class members, have tried to eliminate the harassment and invasion of privacy from unauthorized text messages by registering their phone numbers on the National Do Not Call Registry ("DNCR"), but even that did not work.

8. Defendants simply blast text messages without caring whether they had consent, or whether the recipient was on the DNCR.

9. "Robocalls and robotexts are nuisances. Congress banned them in the Telephone Consumer Protection Act of 1991 ('TCPA'). But as every American knows, there are companies—like the Defendants in this case—who refuse to get that message while collectively sending millions of others." *Cranor v. 5 Star Nutrition, L.L.C.*, 998 F.3d 686, 688 (5th Cir. 2021).

10. Kannon brings this action for himself and for other similarly situated people to enjoin these abusive practices and for damages.

## JURISDICTION AND VENUE

11. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the TCPA. 47 U.S.C § 227.

12. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a significant portion of the events giving rise to this lawsuit occurred in this district.

## PARTIES

13. Plaintiff Serge Kannon is a citizen of New York residing in Brooklyn.

14. Defendant Limitless X Inc. ("Limitless") is a Nevada corporation with its principal place of business in Los Angeles County, California.

15. Defendant Limitless Performance Inc. ("Limitless Performance") is a California corporation with its principal place of business in Los Angeles County, California.

16. Emblaze One Inc. ("Emblaze") is a Nevada corporation with its principal place of business in Los Angeles County, California.

17. Smilz Inc ("Smilz") is a California corporation with its principal place of business in Los Angeles County, California.

18. Smilz Capital, Inc. ("Smilz Capital") is a California corporation with its principal place of business in Los Angeles County, California.

19. Defendant Jaspreet Mathur ("Mathur") is a citizen of California residing in Los Angeles.

20. Mathur is the founder and Chief Executive Officer of Limitless, Limitless Performance, Emblaze, Smilz, and Smilz Capital.

## FACTUAL ALLEGATIONS

21. Kannon's home, phone, and privacy have been invaded by Defendants' non-emergency text messages.

22. Kannon is the residential subscriber of the cell phone number 718-510-3692. Kannon uses this number for personal use. Kannon uses this phone number at home. Kannon makes and takes his personal calls on this phone number.

23. Kannon registered 718-510-3692 on the DNCR to stop telephone solicitations on November 6, 2007.

3

24. Defendants have knowingly and willfully sent unsolicited text messages to Kannon at least thirty-one (31) times.

25. Among these texts include the following:

   i. SMS from +13039680891 on Dec 22, 2021 at 12:48 pm UTC
   Hi there Serge, this is Dr. Oz. You have been selected to receive CBD valued at 200 dollars. One of your friends nominated you to THE OZ Support a Friend System. Watch my personalized video to you and get your gift regardednerve.com/wc2fG9A

   ii. SMS from +19133292743 on Dec 26, 2021 at 11:13 pm UTC
   Hi there Serge, this is Dr Oz. You have been selected to receive CBD valued at 250 USD. One of your friends nominated you to my Support a Friend System. View my personalized video for you and get your gift tympanumforcing.com/UV82OPu

   iii. SMS from +18023180181 on Jan 25, 2022 at 7:10 pm UTC
   Serge , Millions viewers grief in shock after loosing Dr Oz, Hes Gone forever but heres why he will never be forgotten vacationlance.com/cSGgxIZ

   iv. SMS from +18125411206 on Jan 29, 2022 at 9:01 pm UTC
   Pulverize ED! Acquire Expanded Overall Size and Overall Length for Not a Single Thing!
   l.healba.com/index.php?key=tck14rae87p3i5d4izo6&h=mYQMNR

   v. SMS from +15416745064 on Feb 1, 2022 at 9:51 pm UTC
   Feeling under the weather and need a wellness test? No insurance, No problem. l.healba.com/index.php?key=a1rhfvo69k66lxr2745a&h=qJgYXa

   vi. SMS from +16627821803 on Feb 5, 2022 at 5:43 pm UTC
   Breakthrough new unique CBD Gummies that permanently heals aching pains, body aches, arthritis and more is taking the world by storm. Just 1 Gummy relieves pains on the spot and is 100% legal in the USA! This method is natural, safe, effective and wallet friendly! Available for FREE for the rest of the week here disjointlifeless.com/usradov

   vii. SMS from +17064803478 on Feb 6, 2022 at 7:15 pm UTC
   Decimate ED! Receive Magnified Volume, Thickness, and Lengthiness for Nothing! l.healba.com/index.php?key=tck14rae87p3i5d4izo6&h=86YevJ

   viii. SMS from +18435485391 on Feb 11, 2022 at 7:31 pm UTC
   Decimate ED! Receive Magnified Volume, Thickness, and Lengthiness for Nothing! l.healba.com/index.php?key=tck14rae87p3i5d4izo6&h=aZNlnV

   ix. SMS from +13023191463 on Feb 23, 2022 at 3:44 pm UTC
   Hi there Serge, this is Doctor Oz. You have been selected to receive CBD valued at 200 USD. A friend of yours nominated you to my Support-a-Friend System. Watch my personalized video to you and get your gift tonefullness.com/vHO0kTL

   x. SMS from +12403430307 on Feb 23, 2022 at 9:30 pm UTC
   Hi there Serge, this is Doctor Oz. You have been selected to receive CBD valued at 200 USD. One of your friends nominated you to my Support-a-

        Friend System. View my personalized video to you and get your gift inhabitcarried.com/RQF5uvt

xi. SMS from +18125611424 on Mar 2, 2022 at 8:52 pm UTC
Huge Pharma is Scared! Get Tested Ache Alleviation For No Cost! l.healba.com/index.php?key=8c5mojkj6pqxzucplnp7&h=X1Wqzy

xii. SMS from +13158700205 on Mar 4, 2022 at 3:21am UTC
Breakthrough new wonder CBD Gummies that permanently heals aching pains, body aches, arthritis and more blows the sharks away. Just 1 Gummy relieves pains on the spot! This method is natural, safe, effective and wallet friendly! Available for the rest of the week here tunnelweakness.com/1vhL1mC

xiii. SMS from +16038151797 on Mar 8, 2022 at 2:12 am UTC
Hi there Serge, this is Dr. Oz. You have been selected to receive CBD valued at 200 USD. One of your friends nominated you to my Support a Friend Program. View my personalized video for you and claim your gift samenessrightful.com/rFeVyN4

xiv. SMS from +15416494138 on Mar 10, 2022 at 11:45 pm UTC
Take out ED Dysfunction! Gain Increased Volume and also Magnitude for Not a Single Thing!
l.healba.com/index.php?key=tck14rae87p3i5d4izo6&h=wwJa2l

xv. SMS from +16018512956 on Mar 20, 2022 at 10:30 pm UTC
Annihilate Your ED! Score Heightened Size and Magnitude for Not a Thing!
l.healba.com/index.php?key=tck14rae87p3i5d4izo6&h=Zb3glB

xvi. SMS from +13463661523 on Mar 29, 2022 at 6:43 pm UTC
Hey! This Doctor Oz article is going to change your life. potentpainrelief.com/7mrfu4n

xvii. SMS from +13465500301 on Apr 2, 2022 at 8:19 pm UTC
Hi, it's Lauren again. I just wanted to personally reach out about our new CBD product that's sweeping the nation. If you're still suffering from lower bank pain, trouble sleeping, and feeling tired throughout the day, you will definitely want this! I included a study so you can read up on it as well. Check it out :) ozpainreliefnow.com/m3xht

xviii. SMS from +19294011946 on Apr 2, 2022 at 10:25 pm UTC
Wow! This Doctor Oz article is going to change your life. potentreliefbyoz.com/xxqubun

xix. SMS from +19294011589 on Apr 3, 2022 at 2:12 am UTC
Hi, it's Sandra again. I just wanted to personally reach out about our new CBD product that's sweeping the nation. If you are still suffering from lower bank pain, trouble sleeping, and feeling tired throughout the day, you will definitely want this! I included a study so you can read up on it as well. Check it out :) drozcbd.com/l5o0y

xx. SMS from +17083980083 on Apr 3, 2022 at 7:47 pm UTC
Hi, it's Sandra again. I just wanted to personally reach out about our new CBD product that's sweeping the nation. If you're still suffering from lower bank pain, trouble sleeping, and feeling tired throughout the day, you will definitely

5

want this! I included a study so you can read up on it as well. Check it out :) amazingsleepcbd.com/b0iry

xxi. **SMS from +19294681726 on Apr 3, 2022 at 11:33 pm UTC**
Hi, it's Nicole again. I just wanted to personally reach out about our new CBD product that's sweeping the nation. If you're still suffering from lower bank pain, trouble sleeping, and feeling tired throughout the day, you will definitely want this! I included a study so you can read up on it too. Check it out :) bestsleepevercbd.com/l5aapkt

xxii. **SMS from +19544057014 on Apr 9, 2022 at 5:18 am UTC**
Wow! This Dr. Oz article is going to change your life. sleepfreecbd.com/vfcfmd9

xxiii. **SMS from +13122920552 on Apr 10, 2022 at 3:19 pm UTC**
Hey! This Dr. Oz article is going to change your life. pharmacbdnow.com/isx71

xxiv. **SMS from +19297991862 on Apr 12, 2022 at 2:16 pm UTC**
Wow! This Doctor Oz article is going to change your life. mytherapycbd.com/nbuu8fy

xxv. **SMS from +19544059769 on Apr 20, 2022 at 12:58 am UTC**
It's incredible that so few people know about this product. One thing to help with sleep, pain and much more. Look at what others are experiencing and sharing here relaxoncbdnow.com/59535j

xxvi. **SMS from +17867795436 on Apr 20, 2022 at 3:13 am UTC**
It's shocking that more people don't know about these products. A single alternative to help with pain, sleep and much more. Check out what others are experiencing and sharing here getyoursquickly.com/g1h2x

xxvii. **SMS from +19544057173 on Apr 20, 2022 at 3:21 am UTC**
Hey, it's Nikkie again. I just wanted to personally reach out about our new CBD product that's sweeping the country. If you are still suffering from lower bank pain, trouble sleeping, and feeling tired during the day, you will definitely want this! I attached an article so you can read up on it too. Check it out :) getthecbdtoday.com/ap5vvf

xxviii. **SMS from +17865757054 on Apr 20, 2022 at 3:23 am UTC**
It's surprising that so few people know about these products. One thing to help with sleep, pain and much more. Look at what other people are experiencing and saying here availablefordelivery.com/5eiab

xxix. **SMS from +17866964932 on Apr 20, 2022 at 6:17 am UTC**
Hey, it's Sarah again. I just wanted to personally reach out about our new CBD product that's sweeping the nation. If you're still suffering from lower bank pain, trouble sleeping, and feeling tired during the day, you will definitely want this! I included a study so you can read up on it as well. Check it out :) taketheitems.com/7w54rx

xxx. **SMS from +19714092814 on May 3, 2022 at 7:25 am UTC**
SHOCKING UPDATE  Dr. Oz Killed over FREE  CBD Trial internalbrittle.com/TVvIqZT

xxxi. **SMS from +15672088907 on May 12, 2022 at 12:22 am UTC**
OMG Serge Doctor Exposes big pharma live on air in front of 8887975

> Viewers. You won't believe the shocking Secret that got revealed. see full clip here freelytabular.com/yjjdZL6

26. None of these text messages identify the name of the individual sender or the name of the entity on whose behalf the text messages were sent.

27. The text messages said they were from Dr. Oz and others. But these claims are patently false and deceptive.

28. Defendants are known for misappropriating the name of celebrities for Defendants' own financial gain. For example, right now Oprah Winfrey is suing Emblaze, Limitless, and Mather for illegally using Oprah's name and trademark to promote Oprah CBD gummies and other health products. *See Harpo, Inc. et al v. Emblaze One Inc. et al.*, No. 2:23-cv-04459-VAP-AS (C.D.Cal.) Dkt #1.

29. Because Defendants hid their identity, Kannon was unable to determine the purpose of the text messages, determine whether the telemarketer was somebody he had previously told to stop, or determine who to sue for texting him telephone solicitations while his numbers were on the DNCR.

30. Kannon was prevented from enforcing his legal rights under the law because Defendants hid their identity.

31. Defendants hid their identity precisely because they knew they were texting people who have not consented to the text messages and the text messages violated the DNCR.

32. Kannon had to expend extensive time trying to identify who was behind these spam text messages.

33. By clicking the hyperlinks in the text messages, Kannon was taken to various websites that promoted for sale, "Smilz CBD Gummies."

34. For example, the text message on April 12, 2022, contained the hyperlink mytherapycbd.com/nbuu8fy. This hyperlink is now inactive because Defendants try to cover their tracks. However, Kannon visited this hyperlink on April 12, 2022, and it directed him to www.wonderfulleafs.com/?a=2739 where Dr. Oz was supposedly promoting for sale, "Smilz CBD Gummies."

35. As another example, many of the text messages contained the hyperlink l.healba.com. When Kannon visited l.healba.com, it directed him to a fake news page at l.healba.com that pretended to review the benefits of Smilz CBD Gummies and then offered for sale Smilz CBD Gummies.

36. Like the text messages, these websites that promote Smilz CBD Gummies for sale are purposefully silent as to the company selling Smilz CBD Gummies.

37. On www.smilz.com/learning-center/getting-know-smilz-cbd, which is the official website for the Smilz CBD Gummies, the footer states "Copyright ©2023 Smilz Inc. All Rights Reserved." Based on this information, Smilz Inc. is the company that sells the Smilz CBD Gummies and is the company sending the text messages.

38. When Mathur launched Smilz, he issued a press release on March 13, 2021. *See* https://www.prnewswire.com/news-releases/limitless-ceo-jas-mathur-and-floyd-mayweather-partner-to-launch-cbd-product-line-smilz-301250657.html (last accessed December 7, 2023). The press release states: "**About Jas Mathur** Founder and CEO of Emblaze ONE Inc., Limitless Performance Inc. (LimitlessX), SMILZ, OneShot Keto, and Divatrim. Emblaze ONE Inc. is an award-winning global interactive and web development agency. Emblaze ONE Inc. is the powerhouse behind world-renowned brands. LimitlessX is a creative and empowering lifestyle agency specializing in the full spectrum of digital advertising and marketing." Based on this

8

information, Limitless, Limitless Performance, and Emblaze are involved in sending the illegal texts.

39. Emblaze is involved in sending the illegal text messages by developing the creatives and landing pages used in the text message campaigns.

40. Limitless and Limitless Performance are involved in sending the illegal text messages by running the advertising and marketing.

41. On information and belief, Smilz Capital is involved in sending the illegal text messages by providing the capital to run the illegal text messages.

42. Mathur is the employee/officer actually sending the text messages. There are multiple indicia to support this:

    i.    He boasts that as "a teenager, he launched a successful ad network business and was making millions in his early twenties." *See* https://www.smilz.com/learning-center/getting-know-smilz-cbd (last accessed December 7, 2023).

    ii.    In many other online articles featuring Mathur, they talk about how amazing Mathur is at marketing.

    iii.    Mathur's "Mini bio" on his IMBD page states, "As the CEO of Emblaze ONE Inc. and Limitless Performance, Inc., Mathur is responsible for running all facets of the businesses with over 20 years of proven Executive Management experience. Mathur's experience includes implementation of all global sales and marketing strategies, managing all operations and personally architecting various back-end systems developed by his team of programmers." *See* https://www.imdb.com/name/nm8129245/bio/ (last accessed December 7, 2023).

9

    iv.    A review of LinkedIn fails to identify any company profile or employees for Limitless, Limitless Performance, Smilz, or Smilz Capital. And the LinkedIn profile for Emblaze only shows seven employees, all of whom are coders or assistants.

43. Mathur is the one authorizing and overseeing the text messages. There are also multiple indicia to support this:

    i.    He is the founder and CEO of Limitless, Limitless Performance, Emblaze, Smilz, and Smilz Capital. While it appears Mathur has a business partner in Smilz (Floyd Maywether), the partner is only tangential involved.

    ii.    Mathur's IMDB profile says his experience includes "managing all operations."

    iii.    Because Mathur is the expert in marketing, every indication is that Mathur is the one authorizing and overseeing the telephone spam.

    iv.    Mathur continues to ignore the fact that he and his companies have been sued for initiating unsolicited telemarketing spam in violation of the TCPA. *See Nelums v. Smilz Capital Inc. et al.* No. 2:22-cv-00418-JB-GJF (D.N.M., 2022).

44. Plaintiff's counsel has many other clients who have received telephone spam from Defendants. As only one example, Plaintiff's counsel has twenty (20) other clients who, collectively over the span of nearly a year, have received unsolicited text messages that directed them to wonderfulleafs.com where Smilz CBD Gummies are promoted for sale.

45. The text messages were sent to promote Defendants' products and to benefit Defendants.

46. If the text messages were not sent by Defendants, they were at least sent by third parties acting on Defendants' behalf and control for whom Defendants are vicariously liable.

This is evidenced by the high volume of spam that Kannon has received and the other twenty (20) clients of Plaintiff's counsel.

47. Kannon never provided his number, 718-510-3692, to Defendants, never had a relationship with Defendants, and never gave permission for Defendants to send any type of communication.

48. Defendants used a different phone number for each of the text messages sent to Kannon. Defendants did this to avoid getting blocked. This is not something a caller does if they have consent.

49. There are multiple indicia that Defendants initiated the text messages using an automated system:

    i. Every text message Defendants initiated came from a different phone number;

    ii. Kannon's counsel has more than twenty (20) other clients who have reported getting unsolicited text messages from Defendants;

    iii. Defendants withheld their identity in the text messages; and

    iv. Defendants have initiated a high volume of text messages to Kannon;

50. Defendants stored or produced Kannon's telephone number using a random or sequential generator. This is based on the following facts:

    i. Kannon never provided his phone number to Defendants, indicating that the number was randomly generated;

    ii. Kannon has no relationship with Defendants, has no account with Defendants, has never provided any phone number to Defendants, and has never agreed for Defendants to send any type of communication;

    iii. Many of the text messages were not personalized;

11

    iv.    If Defendants had acquired Kannon's phone number in a proper way, Defendants would have disclosed their name in the text messages; and

    v.    If Defendants had acquired Kannon's phone number in a proper way, Defendants would not have used different from phone numbers to initiate the text messages;

51. On information and belief, Defendants initiated and made tens of thousands of similar text messages to thousands of people.

52. The unwanted spam is incredibly annoying, distracting, and frustrating to Kannon and the class members. The spam invades their substantive right to privacy, namely the right to be free from unsolicited text messages. The spam causes Kannon and class members to avoid looking at their phones when it may be important or interrupting other activities to respond to unwanted text messages. The spam reduces their phones' storage and battery life. In short, the spam invades their privacy, diminishes the value of their phones and their enjoyment of life, and causes a nuisance, an annoyance, and an intrusion into their seclusion.

53. Defendants have been sued for violations of the TCPA before and are therefore aware of the regulations necessary to maintain compliance with the TCPA.

54. By initiating text messages to Kannon, Defendants have harmed Kannon and the class members in the exact way Congress sought to protect in enacting the TCPA.

## LEGAL STANDARD

55. **Autodialed Text Messages**. The TCPA prohibits text messages to cell phones using an automatic telephone dialing system ("ATDS") except for "emergency purposes" or with the "prior express consent" of the called party. 47 C.F.R. §64.1200(a)(1). Text messages that

introduce an advertisement or constitute telemarketing require "prior express written consent." 47 C.F.R. § 64.1200(a)(2).

56. **National Do Not Call Registry**. Residential telephone subscribers who do not want to receive telephone solicitations may place their phone number on the national DNCR. 47 C.F.R. § 64.1200(c)(2). The TCPA proscribes callers from making "any telephone solicitation to… [a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry." 47 C.F.R. § 64.1200(c)(2). Wireless telephone subscribers are allowed to place their number on the DNCR. 47 C.F.R. § 64.1200(e).

57. **Failure to Identify Caller**. The TCPA prohibits callers from telemarketing to a residential telephone subscriber without disclosing the name of the individual caller and the name of the person or entity on whose behalf the call is being made. 47 C.F.R. § 64.1200(d)(4).

58. **Personal Liability**. Individuals may be personally liable for TCPA violations when the individual "actually committed the conduct that violated the TCPA, and/or actively oversaw and directed this conduct." *City Select Auto Sales Inc. v. David Randall Assocs.*, 855 F.3d 154, 162 (3d Cir. 2018); see also 47 U.S.C. § 217.

59. **Vicarious Liability**. A party who does not initiate the calls or text messages may be vicariously liable based on the federal common law of agency, including actual authority, apparent authority, and ratification. *In re Joint Petition Filed by Dish Network, LLC*, 28 FCC Rcd. 6574, 6584 ¶ 28, 2013 WL 1934349.

## CLASS ACTION ALLEGATIONS

60. Pursuant to Civ. R. 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure, Kannon brings this action on behalf of himself, and the following Classes of persons similarly

13

situated in order to remedy the ongoing unlawful practices alleged herein and to seek redress on behalf of all those persons who have been harmed thereby, including injunctive relief.

61.     **Class Definitions**. Kannon proposes the following Classes:

**The National DNCR Class**
All people in the United States (1) to whom Defendants initiated more than one telephone solicitation within any 12-month period, (2) to their residential cellular telephone number, (3) while their phone number was listed on the National Do Not Call Registry, (4) in the four years from the filing of this action.

**The ATDS Class**
All people in the United States (1) to whom Defendants initiated one or more calls or text messages to their cellular telephone, (2) using the same equipment or type of equipment utilized to initiate text messages to Kannon, (3) in the four years from the filing of this action.

> **The TCPA Failure To Identify Class**
> All people in the United States (1) who within four years prior to the filing of this action, (2) Defendant sent more than one telemarketing text message within any 12-month period, (3) to their residential cellular telephone number, (4) where the text message did not disclose the identity of the individual caller and the identity of the entity on whose behalf the call was made.

62.     A member of a class may sue as a representative party if the member satisfies Federal Rule of Civil Procedure 23(a)'s four prerequisites: numerosity, commonality, typicality, and adequacy of representation. Fed. R. Civ. P. 23(a).

63.     If Rule 23(a) is satisfied, a putative class representative must also show that the class falls into one of three categories under Rule 23(b). Fed. R. Civ. P. 23(b). For a Rule 23(b)(3) class, a plaintiff must make two further showings. First, a plaintiff must show that questions of law or fact common to class members predominate over any questions affecting only individual class members. *Id*. Second, a plaintiff must demonstrate class action is superior to other available methods for adjudicating the controversy.

64.     **Numerosity**. A proposed class satisfies the numerosity requirement if class members are so numerous that joinder of all members would be impracticable. Fed. R. Civ. P. 23(a)(1). The numerosity requirement is not tied to any fixed numerical threshold. In general,

14

courts find the numerosity requirement satisfied when a class includes at least forty members. Here, the Classes are so numerous that joinder of all members would be impracticable. The exact size of the Classes and the identity of the members are readily ascertainable from business records and likely number in at least the thousands.

65. **Commonality**. A proposed class satisfies Rule 23's commonality requirement if there is at least one question of fact or law common to the class. Fed. R. Civ. P. 23(a)(2). It is not a high standard. The claims must depend upon a common contention such that the determination of its truth or falsity will resolve an issue that is central to the validity of each claim in one stroke. The word 'question' in Rule 23(a)(2) is a misnomer: What matters to class certification is not the raising of common questions but rather, the capacity of a class-wide proceeding to generate common answers apt to drive the resolution of the litigation.

66. There are questions of law and fact common to the proposed Classes, including:

   i.   Did they receive text messages from Defendants?
   ii.  Were their numbers registered on the DNCR?
   iii. Did Defendants use an ATDS?
   iv.  Did Defendants properly identify itself as the sender of the text?
   v.   Were the text messages for an emergency purpose?

67. **Typicality**. A proposed class representative's claims and defenses must also be typical of the class. Fed. R. Civ. P. 23(a)(3). The Supreme Court has recognized that the commonality and typicality requirements of Rule 23(a) tend to merge. Typicality refers to the nature of the claim or defense of the class representative, and not to the specific facts from which it arose, or the relief sought. Representative claims are typical if they are reasonably coextensive with those of absent class members; they need not be substantially identical.

15

68. Kannon's claims herein are typical of those of the Classes that he seeks to represent. Kannon's and the Class members' claims arise from the same conduct of Defendants.

69. **Adequacy of Representation**. The final prerequisite under Rule 23(a) requires that the Court must be satisfied that the representative party will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a)(4). This overlaps in practice with the requirement under Rule 23(g) that class counsel must adequately represent the interests of the class. Fed. R. Civ. P. 23(g). The inquiry under Rule 23(a)(4) asks two questions: (1) Does the representative plaintiff and their counsel have any conflicts of interest with other class members, and (2) will the representative plaintiff and their counsel prosecute the action vigorously on behalf of the class? Kannon is an adequate representative of the Classes because his interests are common with the interests of the Classes, and Kannon will fairly and adequately protect the interests of the Classes by pursuing this matter. Kannon is represented by counsel competent and experienced in TCPA and class action litigation.

70. **Predominance of Common Questions**. A plaintiff may bring a class action under Rule 23(b)(3) only where questions of law or fact common to the class predominate over questions affecting only individual members. Fed. R. Civ. P. 23(b)(3). If liability can be determined on a class-wide basis, common issues predominate. This is true even if, at the damages stage, there remain non-injured class members and individualized damages calculations are required.

71. **Superiority**. The final determination a court must make to certify a Rule 23(b)(3) class is that class action would be superior to individual actions in fairly and efficiently resolving the claims presented in this matter. Rule 23 enumerates four factors pertinent to determining whether class action is the superior method of litigation. First, the class members' interests in

16

individually controlling the prosecution or defense of separate actions. Fed. R. Civ. P. 23(b)(3)(A). Second, the extent and nature of any litigation concerning the controversy already begun by or against class members. Fed. R. Civ. P. 23(b)(3)(B). Third, the desirability or undesirability of concentrating the litigation of the claims in the particular forum. Fed. R. Civ. P. 23(b)(3)(C). Finally, the likely difficulties in managing a class action. Fed. R. Civ. P. 23(b)(3)(D). Where class-wide litigation will reduce litigation costs and promote greater efficiency, a class action may be the superior method of litigation.

72. In the present suit, the questions of law and fact common to the class members predominate over questions affecting only individual members. A class action is superior to multiple individual suits because it conserves judicial resources, promotes consistency and efficiency of adjudication, and deters illegal activities. The interest of individual members of the Classes in individually controlling the prosecution of separate claims against Defendants are small because the damages in an individual action for violations of the TCPA are small. Kannon is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

73. Managing this case as a class action should have no significant difficulties. Notice to class members can be provided by mail. The law applicable to each putative class member is identical. The facts are too. Ultimately, the basic questions in this case are the same for all class members. The common answer to these questions will determine Defendants' liability. Precedent demonstrates these questions can be litigated on a class wide basis.

**FIRST CAUSE OF ACTION**
**Illegal Solicitation of Persons on the DNCR**
**(On Behalf of Kannon and the DNCR Class)**

74. Defendants violated 47 C.F.R. § 64.1200(c)(2) by initiating telephone solicitations to the residential cellular telephones of Kannon and members of the National DNCR Class while their phone numbers were on the National DNCR.

75. Mathur directly controlled, authorized, and/or participated in initiating text messages and is therefore personally liable for the text messages.

76. Kannon and members of the National DNCR Class have been damaged and are entitled to an award of $500 in statutory damages for each violation. 47 U.S.C. § 227(c)(5).

77. The Court should award $1,500 in statutory damages for each violation because the violations were knowing and willful. *Id.*

78. The Court should enjoin Defendants from initiating telephone solicitations to phone numbers on the DNCR. *Id.*

**SECOND CAUSE OF ACTION**
**Illegal Use of an ATDS**
**(On Behalf of Kannon and the ATDS Class)**

79. Defendants violated 47 C.F.R. § 64.1200(a)(1)-(2) by using an ATDS to contact Kannon and members of the ATDS Class.

80. Mathur directly controlled, authorized, and/or participated in initiating text messages and is therefore personally liable for the text messages.

81. Kannon and members of the ATDS Class have been damaged and are entitled to an award of $500 in statutory damages for each violation. 47 U.S.C. § 227(b)(3).

82. The Court should award $1,500 in statutory damages for each violation because the violations were knowing and willful. *Id.*

83. The Court should enjoin Defendants from using an ATDS to initiate text messages absent proper consent or an emergency. *Id*.

### THIRD CAUSE OF ACTION
### Failure To Identify
### (On Behalf of Kannon and the TCPA Failure to Identify Class)

84. Defendants' sending of unsolicited text messages to the residential cellular telephones of Kannon and members of the TCPA Failure to Identify Class, without disclosing the identity of the individual and identity of the entity on whose behalf the messages were sent, constitutes a violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d)(4).

85. Mathur directly controlled, authorized, and/or participated in initiating text messages and is therefore personally liable for the text messages.

86. As a result of the violations of 47 C.F.R. § 64.1200(d)(4), Kannon and members of the TCPA Failure to Identify Class have been damaged and are entitled to an award of $500 in statutory damages for each violation, pursuant to 47 U.S.C. § 227(c)(5)(B).

87. Because the violations were knowing and willful, the Court should award $1,500 in statutory damages for each violation, pursuant to 47 U.S.C. § 227(c)(5)(B)-(C).

88. Kannon and members of the TCPA Failure to Identify Class are also entitled to and seek injunctive relief requiring Defendants to disclose the name of the actual individual and the actual name of the incorporated entity on whose behalf any text messages were sent when telemarketing.

### RELIEF REQUESTED

Kannon respectfully requests the Court grant the following relief against Defendants:

    A.    Certification of the proposed Classes;

    B.    Appointment of Kannon as class representative;

    C.    Appointment of the undersigned as counsel for the Classes;

    D.    An order enjoining Defendants as set forth above;

    E.    An award of damages to Kannon and the Classes, as allowed by law; and

    F.    Orders granting such other relief as the Court deems necessary, just, and proper.

## JURY DEMAND

Kannon requests a jury trial as to all claims of the Complaint so triable.

Dated: December 7, 2023

Respectfully Submitted,

/s/*Michael Hartmere*
Michael Hartmere (NYSB #4018610)
LawHQ, P.C.
299 S. Main St. #1300
Salt Lake City, UT 84111
385-285-1090
michael.hartmere@lawhq.com

*Lead Attorney for Plaintiff*