**GRIFFIN PARTNERS LLP**
UNITED STATES | CANADA

123 S. Broad Street, Suite 1670
Philadelphia, PA 19109
+1.267.313.0766 Main
+1.267.427.8139 Fax
www.griffinlawllp.com

PETER N. KESSLER

peter.kessler@griffinlawllp.com
+1.267.499.3282 Direct

January 29, 2024

**VIA ECF FILING**

The Honorable Diane Gujarati
United Staes District Judge
United States District Court
For the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re: Kannon v. Limitless X, Inc., et seq., No. 1:23-cv-06556 (DG) (VMS)**

Dear Judge Gujarati:

This firm represents defendants Limitless X Inc. ("Limitless X"), Limitless Performance Inc. ("Limitless Performance"), Emblaze One Inc. ("Emblaze"), Smilz Inc. ("Smilz Inc."), Smilz Capital Inc. ("Smilz Capital") and Jaspreet Mathur (collectively "Defendants") in the above matter. In accordance with Section 3.A.1 of your Individual Practices, Defendants request a pre-motion conference in anticipation of filing a Motion to Dismiss the First Amended Class Action Complaint ("Complaint") filed by Plaintiff Serge Kannon ("Plaintiff").

In the Complaint, Plaintiff alleges violations of the Telephone Consumer Protection Act of 1991 ("TCPA") stemming from thirty-one (31) unsolicited text messages he received on his cell phone and asserts three claims for 1) illegal solicitation of persons on the National Do Not Call Registry ("DNCR") (Count I); 2) illegal use of an automatic telephone dialing system ("ATDS") (Count II); and 3) failure to identify the entity on whose behalf the text messages were sent (Count III).

**Lack of Personal Jurisdiction as to All Defendants**

This Court lacks personal jurisdiction over Defendants. The Complaint alleges that i) Limitless X and Emblaze are Nevada corporations with their principal places of business in California; ii) Limitless Performance, Smilz Inc. and Smilz Capital are California corporations with their principal places of business in California; and iii) Mathur is a citizen of California residing in California. *See* Complaint at ¶¶ 14-19.

The Complaint is devoid of any facts to establish minimum contact with the State of New York to justify either general jurisdiction or specific jurisdiction.

The Complaint does not allege that each of the Defendants has contact with New York that are so "continuous and systematic" as to render each of the Defendants essentially "at home" in New



The Honorable Diane
Gujarati
January 29, 2024
Page 2

York, and thus, does not plead general jurisdiction. *See Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014). Each of the entity Defendants operates out of California and none of the entity Defendants has an office in New York. *See* Declaration of Jaspreet Mathur, Exhibit A, at ¶¶ 4-8. Similarly, Jaspreet Mathur resides in California and is not a resident of New York.

The complaint also fails to allege that each of the Defendant purposefully directed any action toward New York, and thus, does not plead specific jurisdiction. *See Asashi Metal Indus. Co. v. Superior Court of California*, 480 U.S. 102, 115 (1987). This "purposeful availment" requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of "random," "fortuitous," or "attenuated" contacts, or of the "unilateral activity of another party or a third person." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985). Far from alleging purposeful availment, the Complaint alleges that Plaintiff's phone number was "randomly generated" by an automatic telephone dialing system. *See* Complaint at ¶50(i). As such, the Complaint fails to plead sufficient basis for specific jurisdiction.

**<u>Failure to State a Claim as to All Defendants</u>**

The Complaint fails to allege any facts that Defendants sent the text messages as described in the Complaint. The tenet that a court must "accept as true" all allegations in a complaint is inapplicable to legal conclusions. *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A complaint must contain enough factual allegations to make the claim not just conceivable but "plausible." *Meyer v. Seidel*, 89 F.4th 117, 139 (2d Cir. 2023) (quoting *Iqbal*, 556 U.S. at 680). Courts do not accept allegations as true when they are "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Harris*, 572 F.3d at 72. Similarly, for claims under the TCPA, mere restatements of the statute's language are not sufficient for a complaint. *See e.g.*, *Abdool v. Cap. One Bank USA*, 2021 WL 4147191, at *4 (E.D.N.Y. Sept. 13, 2021) ("The plaintiff must do more than simply reference the statute.")

Here, the complaint does not allege any non-conclusory facts to support the assertion that Defendants sent him the texts messages. Plaintiff acknowledges that "[n]one of these text messages identify the name of the individual sender or the name of the entity on whose behalf the text messages were sent." Complaint at ¶ 26. The only factual support for Plaintiff's claim that the texts originated from Smilz Inc. was that some text messages contained a hyperlink to a website displaying benefits of Smilz CBD Gummies and offering for sale the Smilz CBD Gummies. *See* Complaint at ¶¶ 33-37. Although Plaintiff also claims that other Defendants sent those texts, *see* Complaint at ¶¶ 39-43, he provides no non-conclusory allegations supporting those claims.

Threadbare recitals of the elements of a cause of action may not suffice, "especially when there may be an 'obvious alternative explanation.'" *Meyer*, 89 F.4th at 139 (quoting *Iqbal*, 556 U.S. at 682). Here, an obvious possible alternative was that a third-party had been selling and promoting Smilz CBD Gummies, and had sent those text messages to Plaintiff. The Complaint is devoid of factual allegations that the websites were operated by Smilz Inc. *See* Complaint at ¶¶ 33-36. The Complaint references one website -- www.smilz.com/learning-center/getting-know-smilz-cbd --



The Honorable Diane
Gujarati
January 29, 2024
Page 3

with the footer stating "Copyright ©2023 Smilz Inc." (Complaint at ¶37). Notably, the Complaint does not allege the 31 text messages led Plaintiff to www.smilz.com/learning-center/getting-know-smilz-cbd or to any website that similarly identified Smilz Inc as the operator of the website. The Complaint also does not allege that the various websites to which Plaintiff was directed contained similar footer identifying Smilz Inc as the operator of the website. Plaintiff's claim that Smilz Inc. was the company sending the text messages because it was the company that sold the Smilz CBD Gummies does not cross "the line from conceivable to plausible." *Iqbal*, 556 U.S. at 680.

**Failure to State a Claim as to Limitless, Limitless Performance, Emblaze, Smilz Capital**

While the Complaint alleges that Smilz Inc. "is the company sending the text messages" and that Mathur "is the employee/officer actually sending the text messages" (Complaint at ¶¶37 & 42) the Complaint does **not** allege that any of the other Defendants sent the text messages. Instead, the Complaint asserts in conclusory fashion that the messages were sent on "Defendants' behalf and control for whom Defendants are vicariously liable." The Complaint alleges that Emblaze "develop[s] the creatives and landing pages used in the text message campaigns;" that Limitless X and Limitless Performance "run[s] the advertising and marketing;" and Smilz Capital "provid[es] the capital to run the illegal text messages." *See* Complaint at ¶¶39-41. However, other than identifying Defendant Mathur as founder and CEO of each of the entities, there are no allegations as to the relationship between Smilz Inc., the company alleged to be sending the text messages, and Emblaze, Limitless X, Limitless Performance or Smilz Capital, in connection with the 31 text messages allegedly sent by Smilz Inc. While the allegation that Smilz Inc. "is the company that sells the Smilz CBD Gummies" that are being promoted in the text messages may perhaps allege that the text messages were sent on Smilz Inc.'s behalf, even viewing such allegation in a light most favorable to Plaintiff and drawing all reasonable inferences in Plaintiff's favor, such allegations do not demonstrate that the messages were sent on behalf of Limitless X, Limitless Performance, Emblaze and Smilz Capital.

Moreover, the Complaint does not allege any fact regarding the relationship between the alleged principal and the alleged agent to establish vicarious liability. The Complaint does not allege that the entity/person sending the text messages (whether that be Mathur or Smilz Inc.) was acting as an agent for Limitless X, Limitless Performance, Emblaze and Smilz Capital, or that Limitless X, Limitless Performance, Emblaze and Smilz Capital, as the alleged principal, controlled the sending of the texts. Mere conclusory allegation of agency, without more, fails to plead an agency relationship sufficient to allege vicarious liability under the TCPA. *See Jackson v. Caribbean Cruise Line, Inc.*, 88 F. Supp. 3d 129, 139 (E.D.N.Y. 2015) (granting motion to dismiss for failure to adequately plead any agency relationship). Thus, Plaintiff's claims against Limitless X, Limitless Performance, Emblaze and Smilz Capital should be dismissed.

For all of these reasons, Defendants respectfully request a pre-motion conference with Your Honor to discuss these matters.



The Honorable Diane Gujarati
January 29, 2024
Page 4

Respectfully Submitted,

**GRIFFIN PARTNERS, LP**

*/s/ Peter N. Kessler*

PETER N. KESSLER

[Enclosure]
c.c.     All counsel of record (via ECF)