

February 5, 2024

The Honorable Diane Gujarati
United States District Court
for the Eastern District of New York

**BY ECF**

    Re:    *Kannon v. LimitlessX Inc., et al*, Case No.: 1:23-cv-06556 (DG) (VMS)

Dear Judge Gujarati:

    Our firm represents Plaintiff Serge Kannon ("Plaintiff" or "Kannon") in the above-referenced action naming as defendants Limitless X Inc. ("Limitless X"), Limitless Performance Inc. ("Limitless Performance"), Emblaze One Inc. ("Emblaze"), Smilz Inc. ("Smilz Inc."), Smilz Capital Inc. ("Smilz Capital") and Jaspreet Mathur ("Mathur") (collectively, "Defendants").

    Pursuant to Section III.A.3 of this Court's Individual Practices, we write in response to Defendants' letter to this Court, dated January 29, 2024 [ECF No. 20] (the "Letter") requesting a pre-motion conference in anticipation of filing a motion to dismiss the First Amended Class Action Complaint (the "Amended Complaint"). For the reasons summarized below, any such motion would be meritless and serve only to squander judicial and party resources.

    By way of background, Kannon is the residential subscriber of the cell phone number (718) 510-3692. *See* Am. Compl. ¶ 22. Kannon never provided his number to the Defendants, never gave them permission to communicate with him in any way, and never had any relationship with them at all. *See, e.g., id.* ¶ 47. Yet Defendants sent at least 31 spam text messages to Kannon—and dozens of other clients of the undersigned—peddling Smilz CBD Gummies. *See, e.g., id.* ¶¶ 33, 44. Defendants, whose history of violating the Telephone Consumer Protection Act of 1991 (the "TCPA") and other federal statutes has resulted in prior lawsuits, face the claims of three putative classes here: (i) a National Do Not Call Registry ("DNCR") class; (ii) an automatic telephone dialing system ("ATDS") class; and (iii) a TCPA failure to identify class. *See, e.g., id.* ¶¶ 28, 43(iv), 53, 61.

**Personal Jurisdiction**

    Defendants' Letter first asserts that this Court lacks personal jurisdiction over them. *See* Ltr. at 1-2. Notably, the Letter does not imply that Defendants contemplate any jurisdictional discovery (let alone an evidentiary hearing) in advance of their anticipated motion. In such



The Honorable Diane Gujarati
February 5, 2024
Page 2

circumstances, Plaintiff need make only a *prima facie* showing that jurisdiction exists. *See, e.g., Licci ex rel. Licci v. Lebanese Canadian Bank SAL*, 673 F.3d 50, 59 (2d Cir. 2012).

      The Amended Complaint easily clears that low hurdle, even in the absence of additional averments. To wit, Defendants' own authorities make clear that this Court may exercise specific jurisdiction over the non-domiciliary Defendants here, because each "defendant has purposefully directed his activities of residents of the forum … and the litigation results from alleged injuries that arise out of or relate to those activities." *Burger King v. Rudzewicz*, 471 U.S. 462, 472 (1985) (cleaned up) (cited in Ltr. at 1). *See also id.* at 474 (non-resident's purposefully-directed activities in forum state must be such that he could reasonably anticipate being haled into court in that forum state); NY CPLR § 302(a).

      Here, Defendants purposefully directed activities toward New York, and Kannon's claims arise out of their New York-related violations of the TCPA. Specifically, the Amended Complaint alleges that Defendants sent at least 31 unsolicited text messages to Plaintiff, a Brooklyn resident and citizen of New York, at his (718) area code. *See, e.g.,* Am. Compl. ¶¶ 13, 22-25, 47. Defendants initiated these communications without Kannon's consent, without identifying themselves or the entities on whose behalf the spam messages were being sent, and in disregard of the registry of Kannon's number on the national Do-Not-Call registry. *See id.* ¶¶ 7, 8, 23, 26, 31, 48, 61, 84. And bedrock precedent, cited in the Letter, holds that "where a defendant who purposefully directed his activities at forum residents seeks to defeat jurisdiction, he must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Burger King*, 471 U.S. at 477. Defendants' Letter portends no such case at all— let alone a "compelling" one. Finally, this Court should presume its exercise personal jurisdiction over the nonresident Defendants is reasonable in view of their purposeful direction. *See id.*

**<u>Failure to State a Claim</u>**

      The Letter next half-heartedly claims that "the complaint [sic] does not allege any non-conclusory facts to support" any liability as to any Defendant for the 31 spam text messages sent to Plaintiff. Ltr. at 2. But even a cursory glance at the pleading undercuts Defendants' wishful assertion.

      At the threshold, the Amended Complaint details Defendants' renown for bombarding Americans with misleading spam messages, fraudulently purporting to be from Oprah Winfrey, Dr. Oz, and other celebrities who have no connection whatever to these Defendants. *See, e.g.,* Am. Compl. ¶¶ 27-28. In fact, Defendants Limitless, Emblaze, and Mathur are currently



The Honorable Diane Gujarati
February 5, 2024
Page 3

defending themselves in another suit, *see Harpo, Inc. v. Emblaze One Inc., et al.*, No. 2:23- cv-04459-VAP-AS (C.D. Cal.), stemming from their fraudulent misuse of Ms. Winfrey's name and intellectual property. *See* Am. Compl. ¶ 28. Next, and rather ironically, Defendants' Letter attempts to paint their deceptive concealment of their true identities (when sending text messages to Kannon and others) to prop up the notion that it was actually someone else who was hawking Smilz CBD Gummies to Kannon via spam messages. *See* Ltr. at 2. The Letter represents to this Court that it is "obvious" that a third party sent the spam here—but never identifies any such third party(ies). *Id.*

Perhaps this is because the Amended Complaint details the role played by each of the Defendants. *See, e.g.,* Am. Compl. ¶¶ 37-43, 46, 59. Likewise, the Amended Complaint sets forth detailed allegations supporting each element of each of its three claims against Defendants. *See generally id.* ¶¶ 21-54.

**A Motion to Dismiss Would be Futile Here**

Simply stated, this Court need not entertain motion practice to determine that parties who sent 31 unsolicited spam messages to a number with a (718) area code have established minimum contacts with New York sufficient to make litigation in this forum foreseeable. Nor is it incumbent upon this Court to expend its (and Plaintiff's) resources to solve a non-existent mystery as to the identities of the wrongdoers: the players, their roles, their unlawful conduct, their victims, and the consequent claims against them are all detailed in the Amended Complaint. Accordingly, Mr. Kannon respectfully asks this Court to deny Defendants' request for a pre-motion conference. Absent contrary direction from this Court, Plaintiff does not seek leave to replead at this time.

Respectfully submitted,

*/s/ Michael Hartmere*
Michael Hartmere

*Counsel to Plaintiff Serge Kannon*

LawHQ, P.C. - 299 S. Main St. #1300, Salt Lake City, UT 84111   385-285-1090   www.lawhq.com